IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES L. TATUM,<br><br>    Petitioner,<br><br>  v.<br><br>VINCENT CULLEN, Warden,<br><br>    Respondent.                        / | No. C 11-0440 CW (PR)<br><br>ORDER GRANTING MOTION TO DISMISS PETITION AS UNTIMELY; GRANTING PETITIONER LEAVE TO FILE AMENDED PETITION<br><br>(Docket no. 3) |

INTRODUCTION

    Petitioner, a state prisoner incarcerated at San Quentin State Prison, filed the present <u>pro se</u> petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

    Respondent has filed a motion to dismiss the petition. Petitioner has opposed the motion and Respondent has filed a reply. For the reasons discussed below, the Court grants the motion to dismiss and denies a certificate of appealability.

BACKGROUND

    In December 1998, Petitioner plead guilty in Santa Clara County Superior Court to possession of cocaine for sale and conspiracy. The court found Petitioner had suffered two or more prior convictions and, under California's "Three Strikes" law, sentenced him to twenty-five years to life in prison. Resp't Ex. A.[1] Petitioner did not appeal the conviction or sentence.

    In 2010, Petitioner filed a habeas petition in superior court, claiming his sentence was unconstitutional under the holdings of

---

[1] All citations to exhibits are to those filed by Respondent in support of the motion to dismiss, unless otherwise noted.

Apprendi v. New Jersey, 530 U.S. 466 (2000), Blakely v. Washington, 542 U.S. 296 (2004), and Cunningham v. California, 549 U.S. 270 (2007). The court denied the petition, finding those cases inapplicable because Petitioner's conviction was final before they were decided, their holdings are not retroactive beyond the date on which they were announced, and they do not apply to sentences where prior convictions are used to impose an indeterminate term under the Three Strikes law. Ex. B.

Petitioner then filed a habeas petition in the California Supreme Court, which denied the petition without citation or comment on January 12, 2011. Ex. C.

Petitioner filed the present petition on January 28, 2011.

## DISCUSSION

Respondent moves to dismiss the petition as untimely.

A. One-Year Statute of Limitations

Under the Antiterrorism and Effective Death Penalty Act (AEDPA), petitions filed by prisoners challenging non-capital state convictions or sentences ordinarily must be filed within one year from the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review. 28 U.S.C. § 2244(d)(1)(A).

In the present case, Petitioner did not appeal his conviction or sentence. Thus, the judgment of conviction became final on February 16, 1999, sixty days after the superior court proceedings concluded on December 18, 1998. See Cal. R. Ct. 8.104(a); Mendoza v. Carey, 449 F.3d 1065, 1067 (9th Cir. 2006). Consequently, Petitioner had until February 16, 2000 to file a timely federal petition. See Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir.

2

2001). Because he did not file the present petition until January 28, 2011, it is untimely absent statutory tolling, an exception to the ordinary limitations period, or equitable tolling.

B. Statutory Tolling

The one-year statute of limitations is tolled for the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." See 28 U.S.C. § 2244(d)(2). Here, Petitioner's state collateral challenges do not toll the limitations period under § 2244(d)(2) because his first state habeas petition was not filed until 2010, several years after the limitations period had expired. See Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003) (holding once AEDPA's limitations period has run it cannot be revived by filing of state habeas petition). Thus, he is not entitled to statutory tolling of the limitations period.

C. Delayed Commencement of the Limitations Period

Petitioner argues the petition is timely because the United States Supreme Court's decisions in Apprendi, Blakely and Cunningham -- which recognized a defendant's Sixth Amendment right to have a jury determine any fact, other than the fact of a prior conviction, that increases the penalty for a crime beyond the prescribed statutory maximum -- apply retroactively to his case. Under a statutory exception to the ordinary limitations period, a petition may be filed within one year of "the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on

3

collateral review." 28 U.S.C. § 2244(d)(1)(C).

A federal court may not grant habeas corpus relief to a prisoner based on a constitutional rule of criminal procedure announced after his conviction and sentence became final unless the rule fits within one of two narrow exceptions. Teague v. Lane, 489 U.S. 288, 310-316 (1989). Here, as noted, the date on which Petitioner's conviction and sentence became final was February 16, 1999. Because Apprendi, Blakely and Cunningham all were decided after that date, under Teague they presumptively do not apply retroactively to the present petition. Moreover, the Ninth Circuit holds that Blakely, which extended the reach of Apprendi, announced a new constitutional rule of criminal procedure that does not apply retroactively on collateral review, see Schardt v. Payne, 414 F.3d 1025, 1038 (9th Cir. 2005), and that Cunningham, which does apply retroactively on collateral review, does not apply to convictions that became final before June 2004, when Blakely was decided. See Butler v. Curry, 528 F.3d 624, 639 (9th Cir. 2008). Because Apprendi, Blakely and Cunningham do not apply retroactively to the present petition, Petitioner is not entitled to delayed commencement of the limitations period under § 2244(d)(1)(C).[2]

For the reasons discussed above, the present petition is untimely and Petitioner is not entitled to statutory tolling or delayed commencement of the limitations period. Accordingly, Respondent's motion to dismiss the petition as untimely is GRANTED.

---

[2] Petitioner also argues that his claims are based upon a constitutional right that was newly recognized and made retroactive by decisions of the California Supreme Court, the California Court of Appeal and the Ninth Circuit. This argument fails because only decisions by the United States Supreme Court newly recognizing a constitutional right can delay the commencement of the limitations period under § 2244(d)(1)(C). See Nichols v. United States, 285 F.3d 445, 447 (6th Cir. 2002).

4

D.  Equitable Tolling

The one-year statute of limitations is subject to equitable tolling. Holland v. Florida, 130 S. Ct. 2549, 2560 (2010). "[A] petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Id. at 2562 (quotation and citation omitted).

Neither party herein has raised the issue of equitable tolling, and the Court expresses no opinion as to whether such tolling is warranted in this action. In view of Petitioner's pro se status, however, the Court hereby GRANTS Petitioner leave to file an amended petition in which he argues that he is entitled to equitable tolling, if he is of the good-faith belief that grounds for such tolling exist and he possesses factual and legal support for his argument.

## CONCLUSION

For the foregoing reasons, the Court orders as follows:

1.  Respondent's motion to dismiss the petition as untimely is GRANTED. Docket no. 3.

2.  No later than twenty-eight days from the date of this Order, Petitioner shall file an amended petition in which he argues that he is entitled to equitable tolling, if he is of the good-faith belief that grounds for such tolling exist and he possesses factual and legal support for his argument. If Petitioner does not intend to file an amended petition, he shall notify Respondent and the Court prior to the date the amended petition is due.

3.  Respondent shall file a response to the amended petition no later than fourteen days from the date it is filed.

4. <u>If Petitioner fails to comply with this Order in a timely manner, a judgment of dismissal will be entered in favor of Respondent</u>.

This Order terminates Docket No. 3.

IT IS SO ORDERED.

Dated: July 9, 2012

*[signature]*

CLAUDIA WILKEN
UNITED STATES DISTRICT JUDGE