IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

CHARLES L. TATUM,                          No. C 11-0440 CW (PR)

       Petitioner,                          ORDER OF DISMISSAL; DENYING
                                           CERTIFICATE OF APPEALABILITY

  v.

VINCENT CULLEN, Warden,

       Respondent.
_____/

    Petitioner, a state prisoner incarcerated at San Quentin State Prison, filed the present pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

    By Order filed July 9, 2012, the Court granted Respondent's motion to dismiss the petition as untimely because Petitioner was not entitled to either statutory tolling or delayed commencement of the limitations period.  The Court, however, granted Petitioner "leave to file an amended petition in which he argues that he is entitled to equitable tolling, if he is of the good-faith belief that grounds for such tolling exist and he possesses factual and legal support for his argument."  Order at 5:11-15.

    On July 30, 2012, Petitioner filed an amended petition. Therein, Petitioner maintains that he is entitled to equitable tolling of the limitations period for the following reasons: his underlying substantive claims are meritorious, the case involves important issues concerning application of California's "Three Strikes" law, and good cause exists to excuse his delay in filing the present petition because his sentence is unconstitutional.  Am. Pet. at 1-4.

United States District Court
For the Northern District of California

**United States District Court**
For the Northern District of California

1    A petitioner is entitled to equitable tolling of the one-year

2  statute of limitations for filing a federal habeas corpus petition

3  only if he shows (1) that he has been pursuing his rights

4  diligently, and (2) that some extraordinary circumstance stood in

5  his way and prevented timely filing.  <u>Holland v. Florida</u>, 130 S.

6  Ct. 2549, 2562 (2010).

7    None of the reasons asserted by Petitioner in the amended

8  petition support a finding that he is entitled to equitable tolling

9  of the one-year limitations period.  Accordingly, the amended

10  petition is DISMISSED with prejudice.

11    Additionally, the Court finds that no certificate of

12  appealability (COA) is warranted in this case.  "Determining

13  whether a COA should issue where the petition was dismissed on

14  procedural grounds has two components, one directed at the

15  underlying constitutional claims and one directed at the district

16  court's procedural holding."  <u>Slack v. McDaniel</u>, 529 U.S. 473, 484-

17  85 (2000).  "When the district court denies a habeas petition on

18  procedural grounds without reaching the prisoner's underlying

19  constitutional claim, a COA should issue when the prisoner shows,

20  at least, that jurists of reason would find it debatable whether

21  the petition states a valid claim of the denial of a constitutional

22  right and that jurists of reason would find it debatable whether

23  the district court was correct in its procedural ruling."  <u>Id.</u> at

24  484.  As each of these components is a "threshold inquiry," the

25  federal court "may find that it can dispose of the application in a

26  fair and prompt manner if it proceeds first to resolve the issue

27  whose answer is more apparent from the record and arguments."  <u>Id.</u>

28  at 485.

2

1     For the reasons discussed above, Petitioner has not shown that

2  jurists of reason would find it debatable whether the Court is

3  correct in its procedural ruling that the present petition is

4  untimely and that Petitioner is not entitled to statutory tolling,

5  delayed commencement of the limitations period, or equitable

6  tolling.  Accordingly, a COA is DENIED.

7     The Clerk of the Court shall enter judgment in favor of

8  Respondent and close the file.

9     IT IS SO ORDERED.

10  Dated: 9/24/2012

                               CLAUDIA WILKEN

11                               UNITED STATES DISTRICT JUDGE

**United States District Court**
For the Northern District of California

3